[Civ. No. 7376.  First Appellate District, Division Two.—July 28, 1930.]

In the Matter of the Estate of HUGH MILLER, Deceased. MARY AGNES MILLER, Appellant, v. JOHN MILLER et al., Respondents.

Frank Kauke for Appellant.

Earl D. White for Respondents.

STURTEVANT, J.—This is an appeal by Mary Agnes Miller, the surviving widow of Hugh Miller, deceased, from the decree settling the final account and distributing the estate of the decedent.

The decedent left a will which creates a trust as to all of his property. It names two of the decedent's brothers, Robert B. and George R., and a third person, Irvine P. Aten, as trustees of the trust, and it requests that those same persons be appointed as executors. It provides that no bond be required of any one of them, either as executor or trustee. It authorizes those three ". . . in both their capacities as executors and trustees, to manage, control, sell, lease, invest and reinvest any of the assets . . . during the time of said executorship and trusteeship." Except as we will presently note, the creation of a fund is not mentioned in the will. Some of the large properties of the decedent consisted of holdings in two companies called respectively the Barton Vineyard Company and the Startup Orchard Company. The latter company does business and has an orchard at Startup, in the State of Washington, and one of the trustees, Robert B. Miller, resides at the orchard. It is but reasonable to assume that he is in charge. There are several expressions in the will to the effect that the decedent wanted said properties managed by his trustees and not by anyone else; that he did not want the management, or any part of it, to fall on his widow; and that he did not want his interest disposed of except that those " . . . companies are fully liquidated."

It is conceded that the will creates two other trusts. The decedent desired that $50,000 be paid to another brother, John, in trust for John's children. He desired that $30,000 be paid to Robert in trust for Robert's children. He makes it clear that said sums are not to be paid by the executors but by the trustees because the said sums were to be paid in ten equal payments, one on October 24, 1929, and one each year during the nine following years. Interest as a charge against the decedent or against his estate for the use of money is not mentioned in any place in the will. Among other things the decree directs: "To pay to John Miller, brother of decedent, the sum of $50,000.00 in trust for the benefit of his children, and to pay to Robert Miller, brother of decedent, the sum of $30,000.00 in trust for the benefit of his children, and the said trustees are directed to now set aside sufficient funds to pay the said legacies, and said legacies shall be paid in annual installments over a period of ten years, and the first payment shall be made to John Miller on the 24th day of October, 1929, in the principal sum of $5,000.00, and the first payment shall be made to Robert Miller on the said 24th day of October, 1929, in the principal sum of $3,000.00, together with the interest upon or the earnings of said fund to such date, and said interest shall be paid in proportion to their said respective bequests, and said Trustees shall further pay to said John Miller and Robert Miller on the 24th day of each succeeding October until said sum is exhausted the said sums of $5,000.00 and $3,000.00, respectively, together with the increment on said fund in their said respective proportions, and such annual payments shall be continued until the said legacies have been fully paid, the said moneys to be so paid to the said John Miller and Robert Miller, as Trustees, with the direction that they expend these moneys solely for the benefit of their children in such manner as they in their discretion shall direct, with the recommendation that the income thereof be applied for the children's education and advancement, and that the capital fund be paid over to them in equal proportions."

Whereas the will provides First: "3. To pay to John Miller, my brother, the sum of $50,000.00 (Fifty Thousand Dollars) in trust for the benefit of his children.

"4. To pay to Robert Miller, my brother, the sum of $30,000.00 (Thirty Thousand dollars) in trust, for the benefit of his children.

"5. To pay over to my wife, Mary Agnes Miller, annually or at such other times as may be necessary for her use, a sum of money which together with the moneys my wife is receiving from her marriage trusts will aggregate the sum of $20,000.00 (Twenty thousand dollars) per year, it being my intention that my wife shall have at all times sufficient funds for her personal use, and my said trustees will ascertain from my wife the amount of moneys that is necessary each year to complete the said sum of $20,000.00 (Twenty thousand dollars), and pay such sum to her either from the income, or the principal of my said estate. I further direct that when my said trustees have set aside sufficient funds to pay all of the legacies herein mentioned, that my wife may terminate the trust in so far as the same affects her interest in said property, by making request to the said trustees to pay all the residue of said estate to her, but it is my wish and desire in this connection that the *said trustees shall exercise their control and management of said property for the benefit of my wife, at least until the Barton Vineyard Company and the Startup Orchard Company shall have been fully liquidated* and that my wife have none of the care, or the burden of looking after said properties, or have any business cares in connection therewith. . . .

"Second: . . . *It is my wish and desire that so long as the said companies shall be in a state of liquidation, that the trust created inhere, continue, and not determine until the said companies are fully liquidated.* I further direct that the legacies to be paid in trust to John Miller and to Robert Miller for the benefit of their children, shall be paid in installments over a period of ten (10) years. Said payments to be made in ten (10) equal instalments, the first instalment to be paid two years after the admission of this will to probate, and the other payments to follow each year, and that my said brothers, John and Robert, expend these moneys solely for the benefit of their chillden in such a manner as they in their discretion shall direct, with the recommendation that the income thereof be applied for the

children's education and advancement, and that the capital fund be paid over to them in equal portions."

The appellant objects to such parts of the decree as direct the trustees to pay interest to John Miller and Robert Miller and to such parts as direct the trustees to pay said persons as one class, and thereafter, to pay the annuity of Mary Agnes Miller, if there is anything left.

The will contains no language showing that the testator intended to pay interest to anyone. The will contains no language showing that the testator intended that funds to pay either the trust in favor of John Miller, Robert Miller or Mary Agnes Miller would be set aside at any particular time. The testator placed much reliance on the the two companies as a sound investment. The holdings in those companies were not to be disposed of except by the liquidation of those companies. In the meantime the interest of the estate in those companies was to be managed by the trustees. Those interests were not to be sold to create a fund nor for any other purpose. His wife, for whom he shows much concern, was not to take her residuary legacy until those two companies were liquidated. That thought was stated in each of two separate paragraphs. So long as those two companies remained in liquidation the surviving widow was limited to the annuity specified in paragraph 1, subdivision 5. Whether those two companies were liquidated at once, or whether the liquidation extended over twenty years, the legacies to Robert and John were to be paid in ten equal installments. The trustees were bound to foster the estate as a whole. There are intimations, at least, to that effect and no words to the contrary. As long as the companies were being liquidated the trustees were to make the payments provided in the will to Mary Agnes Miller. Under the same circumstances, for a period of ten years, they were to make the payments to John and Robert, respectively. We find nothing to the contrary in the sentence "I further direct that when my said trustees have set aside sufficient funds to pay all of the legacies herein mentioned, that my wife may terminate the trust." That sentence may be given full meaning and effect in the event that the two companies are liquidated within the next year or two; that is, within less than ten years from the date of the appointment of the executor. It does not purport to

authorize the trustees at this time to create a fund bearing interest and hereafter to pay both principal and interest to John and Robert without regard to the rights of the widow, Mary Agnes Miller, and without regard to the welfare of the said companies.

If the testator meant that when his estate had been settled two interest-bearing funds should be set aside to pay the legacies to the two brothers he would have said so. He would have provided for the accumulation of interest and the payment of both principal and interest to the beneficiaries. Having omitted all mention of interest, the omission must have been intentional. (*In re Lewis Estate*, 210 Mo. App. 74 [240 S. W. 493].) The decree as drawn gives John and Robert, as trustees for their respective children, an advantage over the rights of Mary Agnes Miller. The will, however, gives her an advantage over them. The paragraph regarding the annuity of Mary Agnes Miller contains language showing that it was the first thought of the decedent to care for her. As to her, if the income was not sufficient to make the payments, the trustees were directed to use the principal.

The clear language used by the testator is to the effect that John's children were to receive $50,000 and that Robert's children were to receive $30,000 and that Mary Agnes Miller was to receive a sum of money which, together with her other income, would make $20,000, but no one of the three was to receive any interest.

The respondent calls to our attention the fact that, under our construction of the will, the payment to each nephew and niece will be so small as to create an absurdity. We think not. We are called upon to construe a gift, not to construe a contract for support and maintenance. Furthermore, the reasoning of the respondent is not helpful. Conceding that under our construction each of John's children will receive only $60 and each of Robert's will receive only $22.50 per annum for his "education," and that under the decree each will receive respectively $76.20 and $26.54, the reasoning leads nowhere because it will be conceded that no one of the sums, standing alone, is sufficient for the purpose stated. However, each sum would be quite helpful. But there is nothing on the face of the will prohibiting both John and Robert expending each year, for said

purpose so stated in the will, all moneys received from the trustees during that year.

The judgment is reversed.

Nourse, P. J., concurred.